IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NOA KANEALII IO PONO I KELII UA MAU,<br><br>Plaintiff,<br><br>v.<br><br>TYLER C. SAITO, *et al.*,<br><br>Defendants. | Case No. 23-cv-00276-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART CERTAIN MOTIONS TO DISMISS AND MOTIONS FOR JOINDER, (2) DENYING PLAINTIFF'S MOTION TO STRIKE, AND (3) DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

In October 2023, Plaintiff Noa Kanealii Io Pono I Kelii Ua Mau (Plaintiff), proceeding without counsel, filed an Amended Complaint. Dkt. No. 14. Therein, Plaintiff named at least 26 Defendants (collectively, Defendants), ranging from private to governmental individuals and entities, and appearing to allege that one of the Defendants, Hiro Shimada, "unlawfully detained" and "forcefully removed" Plaintiff from his "private kuleana property" on Kauaʻi, Hawaiʻi. Various Defendants, including the United States of America, the Attorney General for the State of Hawaiʻi Anne Lopez, and Kalalea Plantation LLC, have moved to dismiss the Amended Complaint on numerous grounds, including a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a

claim under Rule 12(b)(6).  Dkt. Nos. 20, 30-34, 55, 113.  Other Defendants have moved to join in certain of the foregoing motions to dismiss.  Dkt. Nos. 85, 123.

Having reviewed the parties' briefing, at this preliminary juncture of the proceeding, the Court addresses only Defendants' argument concerning an alleged lack of subject matter jurisdiction.  Specifically, the Court agrees with Defendants that the alleged bases for jurisdiction in the Amended Complaint provide no such thing, and, thus, certain of the motions to dismiss and motions for joinder are GRANTED in that respect.  However, in light of Plaintiff's pro se status, and the fact that this is the first notice provided of the jurisdictional deficiency in the Amended Complaint, dismissal is WITH LEAVE TO AMEND to the extent set forth below.

## BACKGROUND

Plaintiff initiated this case on July 3, 2023.  Dkt. No. 1.  Roughly three months later, on October 11, 2023, Plaintiff filed an Amended Complaint.  Dkt. No. 14.[1]  The Amended Complaint appears to name at least 26 Defendants.  Nonetheless, the only meaningful factual allegation therein concerns just one Defendant, Hiro Shimada (Shimada).  Specifically, Plaintiff alleges that, on

---

[1] Because the Amended Complaint was filed prior to the service of any pleading responsive to the Complaint, the Court construes the Amended Complaint as consistent with the amendment of pleadings under Federal Rule of Civil Procedure 15(a)(1)(B).

2

August 25th of an unidentified year, Shimada, with a gun, "unlawfully detained and forcefully removed" him from his "private kuleana property" on Kauaʻi, Hawaiʻi.  *Id*. at ¶ 28.  The remaining allegations conclusorily contend that numerous individual Defendants "coordinated" with or are "employed" or "contracted" by various other Defendants, including the United States of America, the State of Hawaiʻi, and Kalalea Plantation LLC (Kalalea).  *See id*.  Further, according to the Amended Complaint, the purpose of the alleged "coordinat[ion]" is to pursue a "campaign of Genocide aimed at…the ethnic national group 'Hawaiian.'"  *Id*.

On January 19, 2024, Defendants Kalalea and Benjamin Garfinkle (Garfinkle) filed the first motion to dismiss, arguing, among other things, that the Court lacks subject matter jurisdiction and the Amended Complaint fails to state a claim for relief.  Dkt. No. 20.  Plaintiff responded to Kalalea and Garfinkle's motion to dismiss with a motion to strike.  Dkt. No. 26.  Therein, Plaintiff argues that the motion to dismiss should be stricken because Kalalea and Garfinkle failed to comply with Local Rule 7.8's pre-filing conferral requirement.  The motion to strike, though, does not otherwise respond to the arguments for dismissal raised by Kalalea and Garfinkle.

3

On March 12, 2024, Defendants Mathew Bracken, Todd Raybuck, Shimada, and Tyler Saito each filed separate motions to dismiss, Dkt. Nos. 30-33, with each arguing solely that the Complaint failed to state a claim against them under Rule 12(b)(6).  As of this date, Plaintiff has not responded to any of the four motions to dismiss identified in this paragraph.

Also on March 12, 2024, Defendants Anne Lopez (Lopez), the Attorney General of the State of Hawaiʻi, and Sylvia Luke (Luke), the Lieutenant Governor of the State of Hawaiʻi, moved to dismiss the Amended Complaint, arguing, among other things, that the Court lacks subject matter jurisdiction, Eleventh Amendment immunity, and the failure to state a claim.  Dkt. No. 34. Subsequently, Defendants Michael Soong (Soong) and Mark Recktenwald (Recktenwald), the Chief Justice of the Hawaiʻi Supreme Court, moved to join in Lopez and Luke's motion to dismiss.  Dkt. No. 85.  Plaintiff has not responded to either Lopez and Luke's motion to dismiss or the motion to join in the same.

On March 21, 2024, Defendants, the United States of America, the "US Federal Government," and the U.S. Department of Justice, moved to dismiss the Amended Complaint, arguing, among other things, that they are entitled to sovereign immunity, the Court lacks subject matter jurisdiction, and the failure to state a claim.  Dkt. No. 55.  Subsequently, Defendants, Joseph Biden, the U.S.

President, Merrick Garland, the U.S. Attorney General, the U.S. Department of State, Anthony Blinken, the U.S. Secretary of State, the Federal Bureau of Investigation (FBI), Christopher Wray, the Director of the FBI, and Robert King (collectively, with the United States of America, the "US Federal Government," and the U.S. Department of Justice, the "United States of America"), moved to join in the motion to dismiss identified in this paragraph.  Dkt. No. 123.  Plaintiff has not responded to either the United States of America's motion to dismiss or the motion to join in the same.

On April 3, 2024, Defendant, the State of Hawaiʻi, moved to dismiss the Amended Complaint, arguing, among other things, that the Court lacks subject matter jurisdiction, Eleventh Amendment immunity, and the failure to state a claim.  Dkt. No. 113.  Plaintiff has also not responded to the State of Hawaiʻi's motion to dismiss.

Finally, on April 9, 2024, Ryan ManaRa (ManaRa), a non-party to this action, moved to intervene as a plaintiff, asserting that he has an "interest relating to the property and transaction which is the subject of this action…."  Dkt. No. 121.  Defendants, the United States of America, Kalalea, Garfinkle, Lopez, Luke,

5

Soong, and Recktenwald, have filed oppositions to the motion to intervene. Dkt. Nos. 130-133.[2] ManaRa did not reply to any of the foregoing oppositions.

With the time for additional briefing long since over, this Order now follows.

## STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal due to a lack of subject matter jurisdiction. When a defendant does so, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).[3]

A defendant may also move for dismissal under Federal Rule of Civil Procedure 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[2] Meanwhile, Defendants Saito, Bracken, Shimada, and Raybuck have filed statements of no position with respect to the motion to intervene. Dkt. Nos. 126-129.

[3] A Rule 12(b)(1) motion can consist of a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, to the extent any Defendant moves for dismissal under Rule 12(b)(1), they appear to raise a facial attack, given that the challenge is to the sufficiency of the allegations in the Complaint. *See id.* ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.").

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because Plaintiff is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  A court, however, may deny leave to amend where, among other things, amendment would be futile.  *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

As detailed above, the Defendants, collectively, move for dismissal on various distinct grounds.  Because one of those grounds relates to the Court's subject matter jurisdiction to hear this case, the Court addresses the same first.

Defendants, the United States of America, the State of Hawaiʻi, Lopez, Luke, Kalalea, and Garfinkle (collectively, Moving Defendants), argue that the Court lacks subject matter jurisdiction because there is neither federal question nor diversity jurisdiction.  Based, in part, on Plaintiff's failure to respond to this

argument, and the purported federal questions cited in the Amended Complaint, the Court agrees.

Initially, as mentioned earlier, Plaintiff has not responded to any of the substantive grounds for dismissal raised in any of the pending motions to dismiss.[4] Nonetheless, because Plaintiff is proceeding without counsel, the Court liberally construes the Amended Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). In doing so, though, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the Amended Complaint relies upon purported federal questions arising under the following six potential sources: (1) the Supremacy Clause of the U.S. Constitution; (2) the 1849-1850 Hawaiian Treaty with the United States; (3) 28 U.S.C. Section 1350; (4) 18 U.S.C. Section 1091; (5) the UN Convention on the Prevention and Punishment of the Crime of Genocide; and (6) the UN Convention on the Law of the Seas. Dkt. No. 14 at ¶ 1. None of these, however, is a source

---

[4]Instead, Plaintiff moved to strike the first motion to dismiss on the procedural ground that it failed to comply with Local Rule 7.8. *See* Dkt. No. 26. The motion to strike is DENIED because, as Plaintiff (at least tacitly) acknowledges therein, a party need not comply with the conferral requirement of Local Rule 7.8 when, as here, the opposing party is proceeding pro se (*i.e.*, without counsel). *See id.* at 3 (citing Local Rule 7.8).

of subject matter jurisdiction in this case. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989) (stating that the Supremacy Clause "is not a source of any federal rights; it secures federal rights by according them priority whenever they come in conflict with state law.") (quotations omitted);[5] *Medellin v. Texas*, 552 U.S. 491, 506 n.3 (2008) (explaining that "the background presumption is that international agreements…generally do not create rights or provide for a private cause of action in domestic courts.") (quotation omitted); Treaty With The Hawaiian Islands, Dec. 20, 1849, *reprinted in* 9 Stat. 977 (providing for no private right of action); 18 U.S.C. § 1092 (providing that Section 1091, which is also known as the Proxmire Act and/or the UN Convention on the Prevention and Punishment of Genocide, shall not be construed "as creating any substantive or procedural right enforceable by law by any party in any proceeding."); *Tobar v. United States*, 639 F.3d 1191, 1196 (9th Cir. 2011) (stating that the UN Convention on the Law of the Seas has been signed, but not ratified); 28 U.S.C. § 1350 (providing that district courts shall have jurisdiction "of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.").[6]

---

[5] Here, Plaintiff alleges no conflict between federal rights and state law.
[6] Here, while Plaintiff contends that he is an "alien to the United States", Dkt. No. 1 at 3, he acknowledges that he is not an alien to Hawaiʻi, *see id*. Therefore, Plaintiff is not an alien for

As alleged, therefore, the Court lacks subject matter jurisdiction over the claims brought in the Amended Complaint.[7] To that extent only, the Moving Defendants' motions to dismiss and motions for joinder are GRANTED.[8] As mentioned, however, Plaintiff is proceeding without counsel and, as of this point, without notice from the Court of the jurisdictional defects associated with his claims. Further, while Plaintiff's pro se status alone may not be sufficient to warrant amendment, here, at least arguably, it is not absolutely clear that amendment could not cure this deficiency. For example, the Amended Complaint appears to allege that Plaintiff was "forcefully removed" from property on Kaua'i. Dkt. No. 14 at ¶ 28. Liberally construed, given that the foregoing may involve a deprivation of property, Plaintiff may be able to amend to assert a takings claim under the U.S. Constitution against one or more of the Defendants. In addition, in the Amended Complaint, it alleges that Shimada threatened Plaintiff with violence, "unlawfully detained" him, and "forcefully removed" him from his property. *Id*.

---

purposes of Section 1350. *See* P.L. 86-3 (Mar. 18, 1959), *reprinted in* 73 Stat. 4 (providing for the admission of Hawai'i into the United States).

[7] While Plaintiff does not rely upon diversity jurisdiction, the Court notes that, in light of the allegations of the Amended Complaint, he could not because Plaintiff and at least one of the many Defendants are residents of Hawai'i. *See* Dkt. No. 1 at ¶¶ 1-2; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining that "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.").

[8] Specifically, the following motions to dismiss and motions for joinder are GRANTED on the ground that the Court lacks subject matter jurisdiction: Dkt. Nos. 20, 34, 55, 85, 113, 123.

As Shimada observes in his motion to dismiss, Dkt. No. 32-1 at 6-9, while these allegations alone are still far from stating an actionable claim, Plaintiff may be able to amend the same to assert a claim under 42 U.S.C. Section 1983. Therefore, the Court cannot say that Plaintiff is not entitled to leave to amend his claims in an attempt to allege subject matter jurisdiction over at least one of the Defendants.

At this preliminary juncture, no more need be determined. As a result, in all other respects, the pending motions to dismiss and motions for joinder are DENIED WITHOUT PREJUDICE to renewal should Plaintiff file a second amended complaint. In other words, at this time, the Court does not address Defendants' other arguments, such as immunity, for dismissal. Similarly, due to the dismissal of the Amended Complaint, the motion to intervene is also DENIED WITHOUT PREJUDICE to renewal should Plaintiff file a second amended complaint.

So it is clear, should Plaintiff choose to file a second amended complaint, he must write short, plain statements alleging: (1) the legal right he believes was violated; (2) the name of the defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of his right; and (5) what specific injury he suffered because of a defendant's conduct. In doing so, Plaintiff must invoke a

legal right that provides for a cause of action in this Court against the Defendant(s) to whom the claim is directed.

## CONCLUSION

For the reasons set forth herein, the Moving Defendants' motions to dismiss and motions for joinder, Dkt. Nos. 20, 34, 55, 85, 113, 123, are GRANTED IN PART.  In all other respects, the pending motions to dismiss and motions for joinder, Dkt. Nos. 20, 30-34, 55, 85, 113, 123, are DENIED WITHOUT PREJUDICE.  The motion to intervene, Dkt. No. 121, is similarly DENIED WITHOUT PREJUDICE.  The motion to strike, Dkt. No. 26, is DENIED.

The Amended Complaint is DISMISSED WITH LEAVE TO AMEND to the extent set forth herein.  Plaintiff may have until **June 17, 2024** to file a second amended complaint.  **Should Plaintiff fail to file a second amended complaint by June 17, 2024, this case will be dismissed for lack of subject matter jurisdiction without further notice.**

IT IS SO ORDERED.
Dated: June 3, 2024 at Honolulu, Hawai‘i.

Derrick K. Watson
Chief United States District Judge

Noa Kanealii Io Pono I Kelii Ua Mau vs. Tyler Saito, et al; Civil No. 23-00276 DKW-KJM; **ORDER (1) GRANTING IN PART CERTAIN MOTIONS TO DISMISS AND MOTIONS FOR JOINDER, (2) DENYING PLAINTIFF'S MOTION TO STRIKE, AND (3) DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**